UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| NOVAFUND ADVISORS, LLC, Plaintiff, v. CAPITALA GROUP, LLC, Defendant. | CIVIL ACTION NO. _____ JUNE 15, 2018 |
|---|---|

## COMPLAINT

Plaintiff NovaFund Advisors, LLC, by its attorneys, hereby alleges for its Complaint against Defendant Capitala Group, LLC as follows:

### Parties

1. NovaFund Advisors, LLC ("NovaFund") is a Delaware limited liability company with its principal place of business at 17 Old Kings Highway, Suite 140, Darien, Connecticut 06820.  Its members are individuals who are Connecticut residents.  NovaFund is an independent placement firm focused on delivering capital-raising and advisory services to private fund managers.  Since approximately November 2016, NovaFund has been a division of MD Global Partners, LLC, member of FINRA/SIPC, and it was previously a division of Columbus Advisory Group, LTD., member of FINRA/SIPC.

2. Capitala Group, LLC ("Capitala") has admitted that it is a North Carolina limited liability company with its principal place of business at 4201 Congress Street, Suite 360, Charlotte, North Carolina 28209.  Capitala was founded by Joseph B. Alala, III, a North Carolina citizen, in 2015, who serves as its President and Chief Executive Officer.  Mr. Alala is also Capitala's managing member and registered agent.  NovaFund has conducted a reasonable inquiry to determine the citizenship of Capitala's members.  Upon information and belief, aside

from Mr. Alala, Capitala's other members are not citizens of Delaware or Connecticut. Capitala and its affiliates organize and manage various types of investment funds and provide investment management advice to institutional investors, portfolio companies, and clients.

## Jurisdiction and Venue

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among the parties, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## Facts Applicable To All Counts

5. NovaFund and Capitala entered into an agreement in May 2016 (the "Agreement"), by which Capitala retained NovaFund as its exclusive placement agent in connection with raising capital for Capitala Private Credit Fund V, LP (the "Fund").

6. Pursuant to the Agreement, NovaFund was to advise and assist in placing partnership interests in the Fund with North American, European, Australian, and Asian investors (the "Target Investors"). In addition, NovaFund was to provide certain other services, more fully set forth in the Agreement.

7. In exchange, the Agreement obligated Capitala to pay NovaFund a certain percentage of the amount of equity capital that any Target Investor commits to the Fund or a separately managed account (the "Success Fee"). In addition, the Agreement requires Capitala to pay NovaFund an additional fee based on a percentage of capital commitments from Target Investors that close into a subsequent Capitala-sponsored successor fund with a substantially

similar investment strategy (the "Tail Fee"). The parties agreed that no fee would be payable on certain carved out investors, but only up to $125 million in commitments.

8. NovaFund immediately began performing the obligations it was supposed to perform under the Agreement.

9. By September 7, 2016, Capitala announced an anchor closing on the Fund, which included commitments by a globally renowned asset manager and an investment grade insurance company. In a press release on September 7, 2016, Capitala stated that "Given the crowded market for credit fund managers, Capitala Group is pleased with the quick and sizable progress towards Fund V's investable capital target of $500 million."

10. Less than a year after the parties executed the Agreement, Capitala requested that the parties amend the Agreement to allow Capitala to retain one or more additional placement agents focused on investors in specific non-North American jurisdictions, including Europe, Asia, and Israel, such that NovaFund would no longer be the exclusive placement agent for Capitala.

11. Capitala and NovaFund entered into an Advisors Addendum (the "Addendum") on or about April 24, 2017. By the Addendum, the parties agreed that Capitala may retain an additional placement agent or agents "focused on non-North American limited partners" and that capital commitments from investors obtained from the other placement agent(s) "generally" would not entitle NovaFund to a Success Fee, except that Capitala affirmed its obligation to pay NovaFund a Success Fee for capital commitments obtained from non-North American investors who were initially solicited by NovaFund or its agent before the date of the Addendum and from certain enumerated target investors or their affiliates.

12.     In addition, the parties agreed that either party may terminate the parties' relationship on or after September 1, 2017, and that, in the event of termination, Capitala would owe NovaFund a Success Fee "on capital commitments from investors introduced to Capitala by Nova either through conference calls or in-person meetings."

13.     NovaFund performed all obligations on its part to be performed under the Agreement, as modified by the Addendum.

14.     At times during the parties' relationship, Capitala frustrated or prevented NovaFund's performance by engaging in conduct that was counter-productive to the parties' fund-raising efforts.  For example, Capitala's Chairman and Chief Executive Officer, Joseph B. Alala, III, threatened to fire and sue NovaFund in early 2017.  The first quarter of any calendar year is typically the most productive in terms of investor focus and can have a significant impact on fund-raising activities for the balance of the year.  Mr. Alala's outburst, which was subsequently retracted, had a negative effect on the fund-raising efforts in the first part of 2017.  At about this same time, Capitala became non-communicative making it very difficult if not impossible to arrange meetings with potential investors.  Capitala also stopped paying a required monthly retainer to NovaFund during this period of time.  In other instances, Capitala's conduct delayed and caused harm to the capital raising efforts.  On at least one occasion, Capitala excluded NovaFund from a meeting with a consultant related to potential capital commitments to the Fund.

15.     Capitala has breached its obligations under the Agreement and Addendum.  Among other things, Capitala has refused to have additional closings for the Fund.  Upon information and belief, Capitala's refusal to have additional closings was done in bad faith and for the purpose of depriving NovaFund of the benefit of the parties' contracts.

16. Instead, Capitala abandoned the Fund in favor of a new venture, Capitala Specialty Lending Corp. (the "Successor Fund"), with a substantially similar investment strategy as the Fund.

17. NovaFund reasonably expected to be paid for its services under the Agreement and Addendum. Despite demand, Capitala has failed and refused to pay NovaFund in accordance with the Agreement and Addendum.

18. Capitala never formally terminated the parties' relationship.

19. Capitala engaged in conduct that deprived NovaFund of its reasonably anticipated benefits under the Agreement, as amended. Specifically, Capitala abandoned the Fund, and instead, took capital commitments from Target Investors, which were obtained, sourced, and/or identified by NovaFund, and caused those Target Investors to commit capital to the Successor Fund.

20. Capitala's conduct was willful, deliberate, threatening, and malicious, was committed in reckless and wanton disregard of NovaFund's rights, and was done to deprive NovaFund of NovaFund's benefits of the Agreement and Addendum.

## COUNT ONE
## BREACH OF CONTRACT

21. NovaFund repeats and realleges paragraphs 1 through 20 above, as if fully set forth herein.

22. By virtue of the foregoing, Capitala breached the Agreement, as amended.

23. By virtue of the foregoing, NovaFund has suffered injury and damages for which Capitala is liable. Among other things, NovaFund is entitled to the full amount of the Success Fee, because NovaFund performed all obligations on its part under the Agreement and Addendum. In the alternative, NovaFund is entitled to the full amount of the Tail Fee, because

Capitala created a Capitala-sponsored successor fund with a substantially similar investment strategy as the Fund, and NovaFund is entitled to a Tail Fee on all Target Investors that invested in the Successor Fund.

## COUNT TWO
## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

24. NovaFund repeats and realleges paragraphs 1 through 23 above, as if fully set forth herein.

25. As a matter of law, the Agreement and Addendum included a covenant of good faith and fair dealing.

26. By virtue of the foregoing, Capitala acted in bad faith and breached the covenant of good faith and fair dealing included in the Agreement and Addendum.

27. By virtue of the foregoing, NovaFund has suffered injury and damages for which Capitala is liable.

## COUNT THREE
## UNJUST ENRICHMENT

28. NovaFund repeats and realleges paragraphs 1 through 20 above, as if fully set forth herein.

29. Capitala benefitted from NovaFund's work.  Specifically, NovaFund introduced Capitala to a host of investors and potential investors that may invest, or have already invested, in Capitala's investment funds or separately managed accounts.

30. Capitala also benefitted from NovaFund's work by virtue of the capital commitments NovaFund obtained for the Fund and Successor Fund.

31. Unjustly, Capitala did not pay or otherwise compensate NovaFund for the benefit Capitala received.

32. NovaFund has been damaged by virtue of the foregoing, because it expended time and resources laboring for the benefit of Capitala, and Capitala unjustly refused to pay.

33. By virtue of the foregoing, Capitala has been unjustly enriched.

34. NovaFund asserts this Count Three in the alternative.

## COUNT FOUR
## VIOLATION OF CONNECTICUT'S UNFAIR TRADE PRACTICES ACT

35. NovaFund repeats and realleges paragraphs 1 through 20 above, as if fully set forth herein.

36. Capitala is a person engaged in trade or commerce in the State of Connecticut within the meaning of Conn. Gen. Stat. § 42-110a.

37. Capitala, in bad faith and without justification, wrongfully abandoned the Fund.

38. Unbeknownst to NovaFund, Capitala formed the Successor Fund while NovaFund was continuing its performance under the Agreement. Capitala later falsely told NovaFund that the Successor Fund did not have the same or similar investment strategy as the Fund.

39. As explained above, Capitala did not pay NovaFund any fees in connection with capital commitments to the Successor Fund. Capitala's conduct constitutes a purposeful effort to deprive NovaFund of the fees to which it is entitled.

40. Further, on information and belief, Capitala's false statements were purposefully made to dissuade NovaFund from enforcing its rights under the Agreement.

41. The conduct of Capitala described above is immoral, unethical, oppressive, or unscrupulous; offensive to public policy; and/or causes substantial injury to consumers, competitors, or other business persons. Based on the foregoing, Capitala's conduct constitutes unfair and deceptive acts and practices in the conduct of trade or commerce in violation of Conn. Gen. Stat. § 42-110b.

42. As described above, Capitala engaged in its actions willfully, intentionally, knowingly and it demonstrates calculated, deceitful, and unfair conduct, and reckless indifference to NovaFund's rights. Accordingly, NovaFund is entitled to punitive damages pursuant to Conn. Gen. Stat. § 42-110g(a).

43. As a result of the foregoing unfair and/or deceptive acts and practices, NovaFund has suffered an ascertainable loss within the meaning of Conn. Gen. Stat. § 42-110g(a), and has suffered, and will continue to suffer, damages in an amount to be determined at trial.

44. Pursuant to Conn. Gen. Stat. § 42-110g(c), upon commencement of this action, NovaFund gave due notice of its claims to the Attorney General and the Commissioner of Consumer Protection for the State of Connecticut.

## PRAYER FOR RELIEF

WHEREFORE, NovaFund respectfully seeks:

(a) compensatory damages, including but not limited to all fees, expenses, and interest, including but not limited to interest and late fees, due under the Agreement and Addendum;

(b) lost profits;

(c) punitive damages;

(d) compensatory damages, punitive damages, and attorneys' fees and costs pursuant to CUTPA, Conn. Gen. Stat. § 42-110g;

(e) Statutory pre-judgment and post-judgment interest, including Conn. Gen. Stat. § 37-3a or as otherwise allowed by law or rule;

(f) such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Trial by jury is hereby demanded as to all issues so triable.

Respectfully submitted,

**PLAINTIFF NOVAFUND ADVISORS, LLC**

By: /s/ Jill M. O'Toole
   Jill M. O'Toole (ct27116)
   Alison P. Baker (ct28136)
   Shipman & Goodwin LLP
   One Constitution Plaza
   Hartford, CT 06109
   Tel.: 860-251-5000
   Fax: 860-251-5099
   jotoole@goodwin.com
   abaker@goodwin.com

   *Its Attorneys*