UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOVAFUND ADVISORS, LLC,<br><br>                          Plaintiff,<br>v.<br><br>CAPITALA GROUP, LLC,<br><br>                          Defendant. | CIVIL ACTION NO. 3:18-cv-01023-MPS<br><br><br>AUGUST 24, 2018 |

## DEFENDANT CAPITALA GROUP, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF DISCOVERY

Defendant Capitala Group, LLC ("Defendant" or "Capitala"), provides this memorandum in support of its contemporaneously filed Motion for Stay of Discovery. Capitala seeks a stay of discovery until after the Court rules on the Defendant's pending Motion to Dismiss for the following reasons:

1.   Plaintiff filed its Complaint in this Court on June 15, 2018. ECF No. 1.

2.   Defendant's counsel appeared in this case by filing a Notice of Appearance on July 5, 2018. ECF No. 12.

3.   Pursuant to this Court's Order on Defendant's Motion for Stay, a Rule 26(f) conference was held on August 17, 2018, and a Rule 26(f) Report is to be filed today.

4.   In its Complaint, Plaintiff alleges that it contracted with Capitala to serve as the placement agent for Capitala's investment fund (the "Fund"). Both Capitala and the Fund are based in North Carolina. In contrast, Capitala contends that, as shown by the agreement itself, Capitala contracted with a New York-based registered broker-dealer, Columbus Advisory Group LTD – not the Connecticut-based Plaintiff in this action.

5. On July 31, 2018, Defendant filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6). ECF No. 24 ("Motion") & 25 (Memorandum in Support). Defendant's Motion seeks dismissal on multiple jurisdictional grounds:

> (i) lack of personal jurisdiction pursuant to Rule 12(b)(2) on the basis that Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b, does not apply to out-of-state entities and conduct and that this action does not arise from the sparse contacts Capitala had with this forum as required by due process;
>
> (ii) improper venue pursuant to Rule 12(b)(3) because Plaintiff cannot show that a "substantial part of the events giving rise to the action occurred" in Connecticut pursuant to 28 U.S.C. § 1391(b)(2); and
>
> (iii) *Colorado River* abstention under Rule 12(b)(1) based on the previously-filed parallel action in North Carolina Business Court.

*See* ECF No. 25 at Section III. Argument - Jurisdiction, Venue, and Abstention.

6. In addition, Defendant moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) on each of Plaintiff's causes of action on the basis that they fail to state a claim upon which relief can be granted. First, because Plaintiff's breach of contract claim necessarily depends on the existence of a contract between Plaintiff and Defendant, and no such contract exists, Plaintiff's claims must be dismissed. Second, Plaintiff's claim for unjust enrichment fails because such a claim is precluded when a plaintiff pleads the existence of a contract covering the same subject matter. And, third, Plaintiff fails to allege sufficient aggravating circumstances necessary to plead a claim of unfair trade practices.

7.As explained in detail in Defendant's Motion and Memorandum in Support, there is a prior-filed action pending in North Carolina Business Court (the "Business Court") involving the same parties, issues, and claims as in this action. On July 25, 2018, the Case Management Conference (the Business Court's analog to the Rule 26(f) conference) was stayed due to Defendants' anticipated motions to dismiss based on lack of personal jurisdiction in that case. *See* ECF No. 25-5 (July 25, 2018 Business Court Order). Although the Business Court's Order reflects the stay was *sua sponte*, a review of Plaintiff's motion (attached herewith as Exhibit A) makes clear that the stay of discovery was actually requested by Plaintiff, but the Court agreed to order it *sua sponte* to avoid Plaintiff's concern of jurisdictional waiver.

8."A request for stay of discovery, pursuant to Rule 26(c) is committed to the sound discretion of the court based on a showing of good cause." *ITT Corp. v. Travelers Cas. And Sur. Co.*, 2012 WL 2944357, at *2 (D. Conn. July 18, 2012). "[A] court determining whether to grant a stay of discovery pending a motion must look to the particular circumstances and posture of each case,' and 'should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay.'" *Id*. (internal citations omitted). Moreover, "a stay of discovery is appropriate pending resolution of a potentially dispositive motion where the pending dispositive motion 'appear[s] to have substantial grounds or, stated another way, do[es] not appear to be without foundation in law.'" *Id.* at (citing *Johnson v. New York Univ. School of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002)).

9.Defendant filed its dispositive motion in this matter on July 31, 2018. While dispositive motions do not automatically result in a stay of discovery, *see* ECF No. 4 at ¶ (c), the dispositive motion in this case is far more than a run-of-the mill motion to dismiss. In fact,

Defendant's motion raises significant, independent challenges to the sufficiency of Plaintiff's Complaint, including personal jurisdiction, subject matter jurisdiction, abstention in favor of a previously filed action, and failure of Plaintiff to state each of its claims.

10. *ITT Corp. v. Travelers Casualty and Surety Co.* provides a roadmap for a stay under these circumstances. In *ITT*, this Court (M.J. Martinez) stayed discovery where the defendant moved to dismiss pursuant to *Colorado River* due to a previously filed duplicative California state court action. 2012 WL 2944357, at *3-4. There, the Court held that defendants' motion was potentially dispositive of the case, the abstention motion was "not unfounded in the law," and that plaintiff's claims of prejudice did not countervail these considerations. *Id.*

11. Similarly, in *Estate of Nunez-Polanco ex rel. Shapiro v. Boch Toyota, Inc.,* 2004 WL 2063406 (D. Conn. July 21, 2004), this Court (M. J. Fitzsimmons) reviewed the allegations of the complaint and found a stay appropriate where the allegations did not state a prima facie case for jurisdiction under Connecticut's long-arm statute. *Id.* at *2; *see also Cuartero v. United States*, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) (granting motion for stay while motion that court lacks jurisdiction is determined); *accord Transunion Corp. v. Pepsico, Inc.*, 811 F.2d 127, (2d Cir. Feb. 5, 1987) (upholding protective order preventing further discovery prior to motion to dismiss where defendant brought forum non conveniens motion because permitting discovery would defeat the purpose of the motion); *Rivera v. Heyman*, 1997 WL 86394, at *1-2 (S.D.N.Y. Feb. 27, 1997) (noting that where there was a "substantial argument for dismissal" and where the motion to dismiss could significantly narrow, if not eliminate, the issues in the case, proceeding with discovery "would waste the parties' resources and constitute an undue burden on defendants").

12. Defendant's motion to dismiss raises significant jurisdictional challenges to Plaintiff's Complaint, including questions of whether this Court has jurisdiction over the Defendant, whether venue is proper in this district, and whether this case should proceed here or in North Carolina. It is premature for the parties to proceed with substantive discovery on the merits while significant question about the Court's jurisdiction and venue are unresolved. Moreover, if any claims survive Defendant's Motion to Dismiss, Capitala will have counterclaims—as this action was filed in direct response to Capitala's North Carolina lawsuit. As a result, the scope of discovery under Federal Rule of Civil Procedure 26(b) cannot be established at this stage.

13. The other factors considered, in addition to the pending jurisdictional motion, also support a stay under these circumstances.

14. The breadth of potential discovery in this case is significant. The Rule 26(f) Report submitted on this same date makes this clear. Plaintiff has identified 13 topics it seeks to take discovery on. These topics cover almost all of Capitala's business, from the formation and management of the fund at issue, to all of Capitala's fundraising and business activity thereafter. *Id.* Plaintiff also seeks discovery regarding the negotiation of the Term Sheet, Addendum, and the performance under the same, including the identification and details of all Target Investors in the Fund and their commitments to the Fund. *Id.* Plaintiff has claimed that it contacted "nearly 500 potential Target Investors," and "arranged and participated in approximately 70 meetings with potential Target Investors." ECF No. 15-1 ¶¶ 14-15. Defendant has identified many of the same issues, as well as discovery relating to the relationship of Defendant NovaFund to Columbus, a party it represented it was a "division" of at the time the Term Sheet was entered, NovaFund's relationship with its alleged new broker-dealer, MD Global, that it continues to

5

represent it is a division of, and representations made to Defendant Capitala regarding those relationships. Defendant also seeks discovery on the performance of NovaFund/Columbus under the agreement. Thus, discovery in this case will likely span from the solicitation and formation of the Term Sheet in 2016, the performance of the same, the investors contacts, and the formation and structure of not only this fund, but Capitala's business in general over the past several years. This scope of discovery is undoubtedly burdensome. *ITT Corp.*, 2012 WL 2944357, at *3 & n.2 (indicating the breath of discovery requested was sufficient to find burden).

15. Further, because there is a prior pending parallel action in North Carolina Business Court, the question in this case is not just when discovery should occur, but under which rules it should take place. The Business Court is governed by the North Carolina Rules of Civil Procedure, as well as the Business Court's own Local Rules, which have substantial procedures for case management and discovery. Forcing Capitala to participate in discovery in this Court where significant jurisdictional issues have been raised, also forces them to participate in discovery under the Federal Rules, which could and sometimes does, differ from the rules of their choice of forum, North Carolina State Court.

16. Additionally, the Business Court stayed discovery to avoid a jurisdictional waiver (at NovaFund's and Columbus's request) and not because it found merit in any jurisdiction motion. Allowing this case to move forward while both courts are determining the proper jurisdiction for determination of the parties' respective claims gives NovaFund an unfair tactical advantage over Defendant Capitala and supports NovaFund's attempts to race to judgment in this second-filed case.

17. Moreover, Defendant will not be prejudiced by the stay. The Motion to Dismiss is almost entirely briefed before this Court, with the reply brief due on September 4, 2018.

Plaintiff's opposition to the motion to dismiss does not request discovery, jurisdictional or otherwise. *Compare* ECF No. 31 (opposition without a motion for jurisdictional discovery); *with* ECF No. 29 at ¶ 11 (Plaintiff claiming prejudice if discovery is stayed because it will not be able to take jurisdictional discovery). And, Plaintiff should not be heard to complain that it will not have the opportunity to pursue discovery in North Carolina, either. Although the Court issued an order staying discovery on its own motion, it did so at NovaFund's request. As the attached motion shows, it was NovaFund that raised the potential waiver issue with the Court, *see* Ex. A at n.1, despite Capitala's agreement that it would not argue waiver, and then followed up by raising the concern regarding participating in the case management conference and subsequent discovery during a teleconference with the Court on July 24, 2018.

18.     Other courts have granted stays in similar circumstances. *See Integrated Systems and Power, Inc. v. Honeywell Intern., Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery based on the breadth of discovery sought and where the defendant's motion "appears not to be unfounded in the law"); *Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *1 (S.D.N.Y. Feb. 15, 2007) (granting stay where defendants' motion "appears not to be unfounded in the law"); *Spencer Trask Software and Information Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay of discovery where defendants presented "substantial arguments for dismissal of many, if not all, of the claims asserted in th[e] lawsuit"); *Anti–Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996) (granting stay where dispositive motion is "not unfounded in the law" and "appears to have substantial grounds"); *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (granting stay of discovery where motion to dismiss is "potentially dispositive and appears to be not unfounded in the law," "[p]laintiffs have not present[ed]0 any

evidence to suggest that they will be unfairly prejudiced by a stay" and "the adjudication of the pending motion to dismiss might avoid the need for costly and time-consuming discovery.").

19. Plaintiff's counsel has been contacted prior to the filing of this motion and Plaintiff opposes this motion.

WHEREFORE, Defendant respectfully requests the Court stay discovery until after the Court rules on Defendant's Motion to Dismiss.

DEFENDANT,
CAPITALA GROUP, LLC

By: /s/ *Frank F. Coulom, Jr.*
Frank F. Coulom, Jr. (ct05230)
Robinson & Cole LLP
280 Trumbull Street
Hartford, CT 06103
Tel: (860) 275-8200
Fax: (860) 275-8299
Email: fcoulom@rc.com

Pearlynn G. Houck
Admitted *Pro Hac Vice*
Robinson, Bradshaw & Hinson, P.A.
101 North Tryon, Suite 1900
Charlotte, NC 28204
Tel: (704) 377-2536
Fax: (704) 378-4000
Email: phouck@robinsonbradshaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

By:   /s/ *Frank F. Coulom, Jr.*
      Frank F. Coulom, Jr.