UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOVAFUND ADVISORS, LLC, | : | |
| | : | No. 3:18-cv-1023 (MPS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPITALA GROUP, LLC, et al. | : | |
| | : | |
| Defendants. | : | NOVEMBER 3, 2020 |

**MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY
MOTION FOR RECONSIDERATION**

Pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7(c), Defendants Capitala Private Advisors, LLC ("CPA"), Capitala Investment Advisors, LLC ("CIA") and Capitala Specialty Lending Corporation ("CSLC") respectfully submit this memorandum of law in support of their emergency motion for reconsideration of this Court's October 27, 2020 order denying Plaintiff NovaFund Advisors, LLC's ("NovaFund") Motion to Seal (ECF No. 177) (the "Order"). As a result of the Order, the Court unsealed filings contained in ECF Nos. 180 and 180-1 consisting of references and excerpts to the deposition transcript of Richard Wheelahan, the former general counsel for CPA, CIA and CSLC. CPA, CIA and CSLC recognize that reconsideration is a high standard to satisfy, and appropriate only when controlling decisions or data were overlooked. *See* Local Rule 7(c); Fed. R. Civ. P. 59(e). The strict standard is more than satisfied here.

As set forth more fully below, the Court was not provided with all necessary information to properly assess whether sealing of ECF Nos. 180 and 180-1 was warranted under the circumstances. In particular, NovaFund did not disclose to the Court that much of Mr. Wheelahan's testimony had been designated confidential by CGLLC. More troubling,

the Court likely was unaware that Mr. Wheelahan's deposition testimony included improper disclosures of confidential and attorney-client privileged information in violation of the North Carolina Rules of Professional Conduct.[1]  Given this new evidence and the fact that CPA, CIA and CSLC did not have the opportunity to be heard, it would be a manifest injustice to allow the unsealing of such information to stand.

Accordingly, CPA, CIA and CSLC respectfully request the Court reconsider the Order in the interest of justice and seal ECF Nos. 180 and 180-1 to avoid any further undue and unnecessary prejudice.

## I.    BACKGROUND

This case has been pending since June 15, 2018, when Plaintiff NovaFund Advisors, LLC ("NovaFund" or "Plaintiff") filed its complaint against Capitala Group, LLC ("CGLLC") alleging breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, and violations of the Connecticut Unfair Trade Practices Act. (ECF Doc. 1.).  On January 2, 2020, the Court issued its Amended Protective Order (the "Protective Order") (ECF Doc. 99) which governs the treatment of confidential and protected information.

CGLLC has been unrepresented since the Court's July 22, 2020 order granting its counsel's motion to withdraw (ECF Doc. 172).  In that same order, the Court stated it would enter a default against CGLLC unless an appearance was filed on its behalf within 7 days of the order, and invited Plaintiff to move for a default judgment. (*Id.*)  A review of the record reveals that the Court was concerned with permitting discovery of assets before the entry of judgment in the absence of an order permitting such discovery.   The Court was

---

[1] CPA, CIA and CSLC intend to file additional motions directed toward the use of such information.

inclined to require briefing by NovaFund on the issue of asset discovery prior to the entry of a judgment, and invited NovaFund to submit a brief on the issue. . It seemed clear from the record that the Court wanted a brief on the issue, or for the judgment of default to enter. Neither happened.   NovaFund did not file a brief and did not move for default or attempt to prosecute the default.

Instead, NovaFund launched a campaign of extensive third-party discovery, including taking the deposition of Mr. Wheelahan on August 4, 2020[2]. While Mr. Wheelahan's deposition was the topic of discussion during this Court's June 22, 2020 status conference, NovaFund represented to the Court during the status conference that the only discovery it intended to pursue related to the issues of damages and assets of CGLLC. This Court questioned whether any authority existed that would permit NovaFund to take asset-type discovery prior to the entry of a judgment, and invited NovaFund to submit briefing on the issue.  NovaFund declined to do so, and proceeded with Mr. Wheelahan's deposition deciding not to limit the scope of the deposition in any manner.  NovaFund proceeded to issue subpoenas to CPA and CIA with overly broad requests far exceeding damages discovery related to CGLLC.

On August 26, 2020, the same day NovaFund filed its motion to amend the complaint to add CPA and CIA as parties and its corresponding motion to seal that is the subject of this motion, NovaFund's counsel advised Mr. Alala that CGLLC had ten (10) business days, until September 4, 2020, to make confidentiality designations from Mr. Wheelahan's deposition transcript pursuant to the Protective Order.

---

[2] By way of reference, for the more than two years this case was pending, NovaFund did not take a single deposition.  After counsel withdrew for CGLLC, and before any default was entered or brief was filed on asset discovery, NovaFund issued numerous subpoenas to non-parties.

3

On August 31, 2020, Mr. Alala provided NovaFund's counsel with his confidentiality designations for Mr. Wheelahan's deposition transcript on behalf of CGLLC and further advised NovaFund's counsel that Mr. Wheelahan violated his ethical duties, including violating the attorney-client privilege. Pursuant to Paragraph 19 of the Protective Order, if a receiving party becomes aware that it is in receipt of information or materials it knows or reasonably should know is privileged, counsel for the receiving party "shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct." While NovaFund challenged Mr. Alala's designations, the time to respond to such designations has not expired. Furthermore, at no time prior to this Court's ruling on the motion to seal did NovaFund bring Mr. Alala's designations and concerns of Mr. Wheelahan's violations to this Court's attention.

NovaFund issued overly broad subpoenas to CPA and CIA on September 18, 2020. At such time, the discovery deadline had already expired and its motion to amend was pending. Moreover, the final deadline to join additional parties previously expired on January 14, 2020. Given the posture of this case, CPA and CIA timely objected to the subpoenas on numerous grounds. While CPA and CIA were engaging in their discussions to resolve their objections with NovaFund, the Court issued the orders that are the subject of this motion. Given that the bulk of Mr. Wheelahan's testimony was provided in violation of his ethical duties, including the duties owed to CPA and CIA, and that the Court overlooked previous data and rulings in light of NovaFund not apprising the Court of all

4

relevant information, this Court should reconsider the Order unsealing the filings contained in ECF Nos. 180 and 180-1

## II. LEGAL ARGUMENT

### A. Standard of Review

While an extraordinary request, reconsideration is authorized in circumstances in which controlling decisions or data are overlooked. *See* Local Rule 7(c)(1). A court may grant reconsideration when "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Moreover, "[a] motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) *citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir.1992).

### B. Mr. Wheelahan's Deposition Excerpts Should be Sealed.

Pursuant to Local Rule 5(e)(3), "[n]o judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document." The Supreme Court and the Second Circuit both recognize the public's right to access court records and proceedings, which is rooted in both the common law and the First Amendment. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597–98 (1978); *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119–120 (2d Cir. 2006).

While there is a strong presumption against sealing, the public's right to access court documents is not absolute. A party may seek to seal documents and information upon a

5

particularized showing of good cause in order to advance other substantial interests. *Id*. In the Second Circuit, it is well-settled that parties have a significant interest in protecting information subject to the attorney-client privilege and that such interest is sufficient to defeat the presumption of public access. *See, e.g., Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d at 125 (recognizing attorney-client privilege as potential "compelling reason" to seal documents, especially where party asserting the privilege is not the party who seeks to admit such documents into the record); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013).

The attorney-client privilege, while more familiar, is not the attorney's only duty of confidentiality to a client. An attorney also owes a broader ethical duty of confidentiality that may exceed the scope of the attorney-client privilege. The leading case discussing this ethical duty is the Fifth Circuit's decision in *Brennan's Inc. v. Brennan's Restaurants, Inc.,* 590 F.2d 168 (5th Cir.1979). There, defendants took the position that the attorney-client privilege barred an attorney from further representation of a former joint client. The Fifth Circuit disagreed, noting that "the fundamental flaw in defendants' position is a confusion of the attorney-client evidentiary privilege with the ethical duty to preserve a client's confidences." 590 F.2d at 172. The panel held that although a former joint client could not assert the attorney-client privilege as to matters encompassed by the former joint representation because confidences cannot arise between joint clients, a broader ethical duty protects joint clients existed. 590 F.2d at 172. As the Fifth Circuit explained:

> Information ... acquired [from a client] is sheltered from use by the attorney against his client by virtue of the existence of the attorney-client relationship. This is true without regard to whether someone else may be privy to it. *NCK Organization v. Bregman,* 542 F.2d 128, 133 (2d Cir.1976). The obligation of an attorney not to misuse information acquired in the course of representation serves to vindicate the trust and reliance that clients place in their attorneys. A

6

> client would feel wronged if an opponent prevailed against him with the aid of an attorney who formerly represented the client in the same matter . . . this would undermine public confidence in the legal system as a means for adjudicating disputes.

590 F.2d at 172; *see also Doe v. A Corp.,* 709 F.2d 1043, 1048-50 (5th Cir. 1983) ("This broad ethical duty protects not only against disclosure of privileged communications but also against the revelation of confidential information that is not privileged."); *Heartbreak Cabaret Corp. v. Cruz & Toledo Restaurant Corp.,* 699 F. Supp. 1066, 1070 (S.D.N.Y.1988) (citing *Brennan's* ); *Donohoe v. Consolidated Operating & Prod. Corp.,* 691 F. Supp. 109, 111 n. 4 (N.D.Ill.1988) (recognizing a broader ethical duty of confidentiality); *SuperGuide Corp. v. DirecTV Enterprises, Inc.*, 141 F. Supp. 2d 616, 623–24 (W.D.N.C. 2001).

As the Fifth Circuit sensibly recognized in *Brennans* and *Doe,* attorney confidentiality is essential to sustaining public confidence in the legal profession and the legal system. Clients therefore have a right to enforce that confidentiality, absent specific circumstances abrogating that right.

Like Connecticut, North Carolina recognizes a broad duty of confidentiality. Rule 1.6 of the North Carolina Rules of Professional Conduct provides that "[a] lawyer shall not reveal information acquired during the professional relationship with the client unless the client gives informed consent . . ." As the Comments to Rule 1.6 of the North Carolina Rules of Professional Conduct state: "A fundamental principle in the client-lawyer relationship is that, in the absence of informed consent, *the lawyer must not reveal information acquired during the representation.*" (emphasis added).  This duty of confidentiality continues after the termination of the attorney-client relationship. *See* Comment 21 to the North Carolina Rules of Professional Conduct.

7

The rule prohibiting an attorney from revealing information acquired during the representation of the client "applies to disclosures by a lawyer that do not in themselves reveal protected information but could reasonably lead to the discovery of such information by a third person." *See* Comment 4 to the North Carolina Rules of Professional Conduct. An attorney is further obligated to act competently to safeguard information acquired during the representation of a client against unauthorized access by third parties. *See* Rule 1.6(c).

The attorney-client privilege and duty of confidentiality are bedrock principles that govern the attorney-client relationship. Notwithstanding his ethical obligations, Mr. Wheelahan, a disgruntled former attorney for CPA, CIA and CSLC, violated these basic principles when deposed by NovaFund in this Action. There is no question that CPA, CIA and CSLC have legitimate, compelling interests in safeguarding both confidential and privileged information. Given this new evidence concerning Mr. Wheelahan's violations of his ethical duties, for which this Court could not have been aware at the time it issued the Order, CPA, CIA and CSLC respectfully request that this Court reconsider its decision and order the sealing of ECF Nos. 180 and 180-1 to correct this clear error and prevent manifest injustice to CPA, CIA and CSLC.[3]

---

[3] Prior to the withdrawal of counsel for CGLLC, CGLLC filed a memorandum in support of its motion to seal certain filings that contained confidential and proprietary information. *See* ECF Doc. 166. CGLLC filed its papers at the same time non-party Stepstone Group, LP ("Stepstone") filed its motion to seal certain documents it produced in this action. *See* ECF Doc. 168. At the same time this Court issued the Order that is the subject of this motion, it granted Stepstone's motion to seal. CPA, CIA and CSLC believes the Court may have overlooked CGLLC's submission in denying the sealing of ECF Nos. 155-1, 155-2, 155-3, 155-6, 155-7, 155-8, and 155-9 as set forth in its order at ECF Doc. 189.

### III.     CONCLUSION

For all the foregoing reasons, CPA, CIA and CSLC respectfully request the Court reconsider the Order in the interest of justice and to avoid any undue and unnecessary prejudice to them by sealing ECF Nos. 180 and 180-1.

Respectfully submitted,

**CAPITALA PRIVATE ADVISORS, LLC, CAPITALA INVESTMENT ADVISORS, LLC and CAPITALA SPECIALTY LENDING CORPORATION**

By:     /s/ Jonathan M. Shapiro
N. Kane Bennett (ct20988)
Jonathan M. Shapiro (ct24075) of
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, CT 06475
T: 860-724-2160
F: 860-724-2161
nkb@aetonlaw.com
jms@aetonlaw.com
Its Attorneys

## **CERTIFICATE OF SERVICE**

     I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

     This 3rd day of November, 2020.

                                                          /s/ Jonathan M. Shapiro ct24075
                                                             Jonathan M. Shapiro