UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOVAFUND ADVISORS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITALA GROUP, LLC; CAPITALA PRIVATE ADVISORS, LLC; CAPITALA INVESTMENT ADVISORS, LLC; and CAPITALA SPECIALTY LENDING CORPORATION,<br><br>    Defendants. | No. 3:18-cv-1023 (MPS)<br><br><br><br><br><br><br><br><br><br>November 18, 2020 |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS'
EMERGENCY MOTION FOR RECONSIDERATION**

Plaintiff NovaFund Advisors, LLC ("NovaFund") respectfully submits this Opposition to the Emergency Motion for Reconsideration (ECF 199) filed by Defendants Capitala Investment Advisors, LLC ("CIA"), Capitala Private Advisors, LLC ("CPA"), and Capitala Specialty Lending Corporation ("CSLC") (together, CIA, CPA, and CSLC are "Defendants"). As explained below, Defendants' motion should be denied, because it does not meet the high grounds for reconsideration and fails to satisfy the strict standards for sealing records under controlling Second Circuit law. Consequently, the excerpts of the transcript from the deposition of Capitala's former employee, Richard Wheelahan, Esq., should remain unsealed.

**ARGUMENT**

**I.    DEFENDANTS FAIL TO SHOW HIGH GROUNDS FOR RECONSIDERATION**

Under this Court's Local Rules, motions for reconsideration "will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). Such motions are supposed to be accompanied by the specific controlling decisions or data that the movant believes the Court

**ORAL ARGUMENT NOT REQUESTED**

overlooked.  *Id.*  The Second Circuit has described the standard for reconsideration as "strict," and has explained that grounds justifying reconsideration include an intervening change of controlling law, new evidence, the need to correct a clear error, or the need to prevent manifest injustice.  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).  None of these reasons are present in this case.

Defendants, however, have argued that there is "new evidence" such that it would be manifestly unjust to keep the transcript excerpts unsealed.  (Defs.' Mot. at 1-2.)  The so-called "new evidence" consists of the confidentiality designations made by Joseph B. Alala, III, President and Chief Executive Officer of Capitala Group, LLC ("CGLLC") on CGLLC's behalf.  Defendants contend that Mr. Wheelahan's testimony disclosed confidential information and information protected by the attorney-client privilege.  (*Id.* at 2.)  This argument fails to meet the standard for reconsideration because there is nothing "new," privileged, or confidential about this information.

By way of background, NovaFund filed its motion to seal on August 26, 2020.  (ECF 177).  At that time, CGLLC had not made any designations on the transcript.  Instead, as NovaFund informed the Court, the entirety of the transcript was deemed "confidential" under the operative protective order for a certain period of time during which CGLLC had an opportunity to review the transcript and make appropriate designations.  (*Id.* at 1-2.)  As NovaFund also represented to the Court (*id.* at 2), NovaFund gave due notice of the motion to seal to CGLLC by way of email to Mr. Alala.  (Attached hereto as Exhibit 1, without exhibits, is a true and correct copy of the email forwarding Mr. Alala the motion to seal and reminding him of the deadlines for designations under the operative protective order).  CGLLC was thus on notice as early as August 26, 2020 that if it wanted to have the excerpts of Mr. Wheelahan's deposition transcript

remain sealed, it had an obligation to make an appropriate showing. Additionally, given that Mr. Alala is not only CGLLC's principal but also the principal of CIA, CPA, and CSLC, all Defendants were on notice that this issue was before the Court. Any or all of those entities could have intervened to make the requisite showing required to maintain the sealing of the transcript excerpts, as one non-party had done in connection with another motion to seal (*see* ECF 168), but none did.

Defendants' excuse for failing to protect their rights is to point the finger at NovaFund and to claim that NovaFund had an obligation to bring CGLLC's confidentiality designations to this Court's attention. (ECF 199, at 4-5.) Defendants were on clear notice that NovaFund's position was that no good cause exists for sealing the transcript excerpts. (ECF 177, at 2.) NovaFund was and is under no obligation to make an argument on CGLLC's behalf or on Defendants' behalf, nor can or do Defendants cite any authority imposing one. If Defendants' argument is accepted, it would have obligated NovaFund to amend its motion to seal, or to otherwise file a supplemental notice to apprise the Court of CGLLC's confidentiality designations. Contrary to Defendants' unsubstantiated assertion, they bear the burden of overcoming the strong presumption in favor of public access, *U.S. v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995) ("*Amodeo I*"), which they have failed to do for the reasons discussed *infra* § II.

Defendants' delay in raising these issues is another reason for denying reconsideration. Defendants had two months to justify sealing the transcript excerpts – from August 26, 2020, when they were on notice of NovaFund's motion to seal until October 27, 2020, when this Court denied the motion to seal. They never acted within that period to protect their rights. Instead, they waited until after this Court's ruling to move for reconsideration. But their motion fails to explain their delay.

Because Defendants have failed to identify any new data or to demonstrate the need to prevent manifest injustice, their motion for reconsideration should be denied.

## II. DEFENDANTS FAIL TO MEET THE STRICT STANDARD TO OVERCOME THE STRONG PRESUMPTION OF PUBLIC ACCESS

The common law right of public access to judicial documents is well-established in the Second Circuit and "is said to predate the Constitution." *Amodeo I*, 44 F.3d at 145. Part of the public's enjoyment of a presumptive right of access to judicial documents includes access to documents submitted to a court as part of a motion. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 121 (2d Cir. 2006); *U.S. v. Amodeo,* 71 F.3d 1044, 1049-50 (2d Cir. 1995) ("*Amodeo II*"). Courts evaluating whether to seal documents, and thus to restrict them from public access, conduct a two-step inquiry. The first step is to determine whether the documents at issue constitute "judicial documents," and the second step is to accord appropriate weight to the presumption of access. *Lugosch*, 435 F.3d at 119. As explained below, the deposition transcript at issue here is a judicial document that is entitled to strong presumption of public access.

First, the deposition transcript is a judicial document. The Second Circuit has defined "judicial records and documents" to include filings that are "'relevant to the performance of the judicial function and useful in the judicial process.'" *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citing *Amodeo I*, 44 F.3d at 145). A document is "relevant to the performance of the judicial function" if it "would reasonably have the **tendency** to influence a district court's ruling on a motion or in the exercise of its supervisory powers, without regard to which way the court ultimately rules or whether the document ultimately in fact influences the court's decision." *Id.* (emphasis in original).

Relying on Second Circuit case law, this Court has already held that a complaint is "undoubtedly a document 'relevant to the performance of a judicial function. . . .'" *Kleftogiannis*

4

*v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 231 (D. Conn. 2019) (citing *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016)).  In *Bernstein*, the Second Circuit reasoned that "[o]f all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings.  It is the complaint that invokes the powers of the court, states the causes of action, and prays for relief."  814 F.3d at 142.  Accordingly, the document at issue here – Mr. Wheelahan's deposition transcript – is a judicial document because it was central to NovaFund's motion to amend its operative complaint, which has resulted in the joinder of parties and the addition of claims.

Second, the transcript is entitled to a strong presumption of public access.  This Court noted in *Kleftogiannis* that complaints are judicial documents "to which a strong presumption of public access attaches."  411 F. Supp. 3d at 231.  Similarly, here, the transcript was the core evidence upon which NovaFund's motion for leave to amend was based.  It was also directly cited by this Court in the order granting NovaFund's motion.  (ECF 191.)  As such, the transcript played a substantial role in the performance of this Court's Article III duties, and it should enjoy a "strong presumption of public access."[1]  Defendants appear to concede as much when they acknowledge in their motion (at 5) that "there is a strong presumption against sealing."

Here, Defendants have failed to demonstrate any reason why the strong presumption

---

[1] In *Brown*, the Second Circuit recognized that even filings related to discovery and evidentiary motions are entitled to "at least some presumption of public access" because an erroneous decision on discovery and evidentiary matters "can cause substantial harm."  929 F.3d. at 50.  The Second Circuit thus held that filings related to motions to compel, to quash trial subpoenae, and to exclude certain deposition testimony "call upon the court to exercise its Article III powers," and thus are properly considered "judicial documents."  *Id.*  As a result, the Second Circuit held that such documents are subject to a "lesser–but still substantial– presumption of public access."  *Id.* at 53.  Here, even if the transcript were afforded a relatively lower presumption of public access, the result would be no different because Defendants have failed to show that **any** presumption should be overcome, whether a strong presumption or a lesser, but still substantial, presumption.

5

of public access should be overcome. The sum total of Defendants' arguments in support of sealing excerpts of the transcript are in a few sentences on page 8 of their motion. Defendants claim – without support – that Mr. Wheelahan is a "disgruntled" former employee. Defendants fail, however, to tie that unsubstantiated assertion to any testimony in Mr. Wheelahan's deposition that would tend to support a claim of bias or to otherwise provide reasons for sealing excerpts of his transcript. For example, Defendants cite to no testimony in the excerpts of the transcript that could be deemed "redundant, immaterial, impertinent, or scandalous" such as would warrant this Court's exercise of its supervisory powers to justify re-sealing the transcript excerpts. *See Kleftogiannis*, 411 F. Supp. 3d at 232 (invoking supervisory powers to redact non-party, non-management employees' names, finding that the restricted access to sensitive personally identifying information in complaint was narrowly tailored to serve those interests).

In addition to the strict standards required by controlling Second Circuit caselaw, courts in this District considering whether to seal documents should also be guided by the Local Rules. In relevant part, Local Rule 5(e)(3) provides:

> Every document used by parties moving for or opposing an adjudication by the Court, other than trial or hearing exhibits, shall be filed with the Court. No judicial document shall be filed under seal, except upon entry of an order of the Court either acting *sua sponte* or specifically granting a request to seal that document. Any such order sealing a judicial document shall include particularized findings demonstrating that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons . . . .No document shall be sealed merely by stipulation of the parties. A confidentiality order or protective order entered by the Court to govern discovery shall not qualify as an order to seal documents for purposes of this rule.

D. Conn. L. Civ. R. 5(e)(3).

Defendants have failed to meet, or even try to meet, the standards of Local Rule 5(e)(3). They have provided no client affidavit, no particularized findings demonstrating that sealing is

supported by clear and compelling reasons, and no showing that their proposal – sealing of all of the excerpts of Mr. Wheelahan's deposition transcript – is narrowly tailored to serve those reasons.  This failure is reason alone to deny Defendant's motion.  *Martin v. Astrue*, No. 3:09-cv-01833 (MRK)(WIG), 2010 WL 1644514, at *1-2 (D. Conn. Apr. 20, 2010) (holding party had not made particularized showing of good cause for sealing portions of a brief, and citing Judge Kravitz decision denying a party's motion to seal for similarly failing to make particularized good cause showing to justify departing from the strong presumption of public access).

      The only argument advanced by Defendants is that Mr. Wheelahan somehow violated his ethical obligations as a lawyer during his deposition.  (Defs.' Mot. at 8.)  But, as this Court has already recognized, Defendants' motion "points to no specific testimony in the unsealed deposition of [Mr. Wheelahan] that is actually protected by the attorney-client privilege."  (ECF 200.)  Defendants' argument also stretches the attorney-client privilege beyond its limits.  Not every statement by an in-house lawyer is protected by the attorney-client privilege, because (1) an in-house lawyer may provide business, instead of legal, advice, which is not protected, *In re Grand Jury Subpoena*, 731 F.2d 1032, 1037 (2d Cir. 1984); and (2) because the privilege "only protects disclosure of communications; it does not protect disclosure of the underlying facts," *Upjohn Co. v. U.S.*, 449 U.S. 383, 395 (1981).  The privilege is also applied "narrowly" because the result is to render relevant information undiscoverable.  *A & R Body Specialty & Collision Works, Inc. v. Progressive Cas. Ins. Co.*, No. 3:07-cv-929 (WWE), 2013 WL 6044342, at *1 (D. Conn. Nov. 14, 2013).

      In any event, the attorney-client privilege may be waived, *Carnegie Inst. v. Pure Grown Diamonds, Inc.*, No. 20-CV-189 (JSR), 2020 WL 4908366, at *2 (S.D.N.Y. Aug. 21, 2020) (holding that legal advice included in slide presentation to investors resulted in waiver of

7

attorney-client privilege),[2] such as happened here when Mr. Alala discussed Capitala's litigation strategy in this action with investors. (*See, e.g.*, ECF 180-1, Ex. 2 at 113:9-114:2.) Also, it is fundamental that the attorney-client privilege does not apply to communications Mr. Wheelahan may have had with persons outside the Capitala enterprise, including for example his negotiations with StepStone about the separately managed accounts and his negotiations with NovaFund over the provisions of the Term Sheet. Testimony on any of these topics undeniably is not protected by the attorney-client privilege. *A & R Body Specialty*, 2013 WL 6044342, at *2 (describing familiar standard for party invoking attorney-client privilege to show at a minimum that the communication was between client and counsel).

Ultimately, however, Defendants have not identified any testimony in the unsealed excerpts of Mr. Wheelahan's deposition transcript that they claim should be protected by the attorney-client privilege. By failing to do so, they have not met their burden of showing that the privilege applies, *id.* at *1, and they also have not met their burden of establishing grounds to overcome the strong presumption of public access.

Finally, though Defendants suggest in passing (Mot. at 8) that the excerpts of Mr. Wheelahan's deposition transcript contain confidential information, Defendants have not

---

[2]    Defendants make no effort to argue that the common-interest privilege applies to communications between Capitala and its investors, and any such argument would be unavailing. For the common interest doctrine to apply, the holder of the privilege must have a common legal goal with a third-party. *A & R Body Specialty*, 2013 WL 6044342, at *2. The litigation strategy disclosed by Mr. Alala related to the lawsuit between Capitala Group, LLC ("CGLLC") and NovaFund. Capitala has disclaimed any connection between investors in Fund V (a legally separate entity) and CGLLC. Likewise, Defendants have argued that there is no connection between CGLLC and CPA. (ECF 208, at 4.) It is difficult to see how Defendants could reconcile these arguments with the notion that there is a common legal goal between investors in Fund V and CGLLC, or even between CGLLC and StepStone, which had a contractual relationship with CPA, when the Fund V investors and StepStone are not involved in this litigation and have pronounced indifference to the outcome.

identified any specific testimony in the transcript excerpts that they would seek to designate as confidential. They have also failed to explain why such testimony is supposedly confidential under the terms of the operative protective order. In any event, the time has passed for Defendants to make further designations to the transcript, given that they received a copy of the transcript through Mr. Alala in August and failed to designate any of the deposition transcript on Defendants' behalf. Regardless, the mere designation by a party of information or material as "confidential" does not suffice under Local Rule 5(e)(3) as grounds for sealing.

For all of these reasons, the excerpts of Mr. Wheelahan's deposition transcript should remain unsealed.

## CONCLUSION

For the foregoing reasons, NovaFund respectfully requests that this Court deny Defendants' Emergency Motion for Reconsideration, together with such other and further relief in NovaFund's favor as the Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF NOVAFUND ADVISORS, LLC**

By: */s/ Jill M. O'Toole*
Jill M. O'Toole (ct27116)
Alison Baker (ct28136)
Robert Corp (*pro hac vice*)
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06109
Tel.: 860-251-5000
Fax: 860-251-5099
jotoole@goodwin.com
abaker@goodwin.com
rcorp@goodwin.com

*Its Attorneys*

9223964v1