UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NOVAFUND ADVISORS, LLC, | : | |
| | : | No. 3:18-cv-1023 (MPS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CAPITALA GROUP, LLC, et al. | : | |
| | : | |
| Defendants. | : | NOVEMBER 19, 2020 |

**NOTICE IN FURTHER SUPPORT OF EMERGENCY
MOTION FOR RECONSIDERATION**

While Defendants Capitala Private Advisors, LLC ("CPA"), Capitala Investment Advisors, LLC ("CIA") and Capitala Specialty Lending Corporation ("CSLC") reserve the right to file a full reply to Plaintiff NovaFund Advisors, LLC's opposition to their emergency motion for reconsideration, they respectfully submit this notice to address specific issues raised by this Court in its November 4, 2020 order.

In its November 4, 2020 order, this Court noted that CPA, CIA and CSLC did not identify the specific portions of Mr. Wheelahan's[1] testimony that is protected by the attorney-client privilege. CPA, CIA and CSLC identify and designate the following excerpts from Mr. Wheelahan's deposition transcript that should remain sealed as they either contain privileged communications disclosed in violation of the rules of professional conduct or may require the disclosure of privileged communications in order to rebut any inaccurate testimony of Mr. Wheelahan[2]: page 21, Lines 13-22; page 37, Lines 2-23; page

---

[1] As this Court may recall, Mr. Wheelahan appeared in this Court during the prejudgment remedy hearing identifying himself as the general counsel for Capitala Group, LLC.

[2] All of the designations identified herein were provided to counsel for NovaFund by Mr. Alala within the time frame required by the protective order as referenced in CPA, CIA and CSLC's motion for reconsideration.

57, Lines 9-18, page 58, Lines 9-16 and 25; page 59, Lines 1-12; page 108, Lines 5-17; page 113, Lines 1-8 and Lines 18-25; page 114; page 153, Lines 14-16; page 160, Lines 6-10; page 164, Lines 9-13 and Lines 21-25; page 170, Lines 11-25; page 171, Lines 1-12; page 195, Lines 1-9; page 196, Lines 9-21; page 197, Lines 2-25; page 222, Lines 1-24; page 223, Lines 14-25; page 224; page 225, Lines 1-8; page 231, Lines 6-14 and 23-25; page 233; page 234; page 235, Lines 1-15; page 238, Lines 17-20; page 239, Lines 1-4 and 17-25; page 246, Lines 1-20; and page 247, Lines 14-21.

As set forth in CPA, CIA and CSLC's motion for reconsideration, it is well-settled in the Second Circuit that parties have a significant interest in protecting information subject to the attorney-client privilege and that such interest is sufficient to defeat the presumption of public access. *See, e.g., Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d at 125 (recognizing attorney-client privilege as potential "compelling reason" to seal documents, especially where party asserting the privilege is not the party who seeks to admit such documents into the record); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 CSH, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013). Accordingly, courts in this district, and throughout the country, have sealed documents when they contain information protected by the attorney-client privilege. *See, e.g., Id.* (sealing communications protected by the attorney-client privilege); *see also Shefts v. Petrakis*, No. 10-CV-1104, 2011 WL 221620, at *1 (C.D. Ill. Jan. 20, 2011) (ordering sealing of documents on basis of attorney-client privilege referenced in motion for reconsideration); *Specialty Surplus Ins. Co. v. Lexington Ins. Co.*, No. C06-5246 RJB, 2007 WL 2404703, at *18 (W.D. Wash. Aug. 17, 2007) (the public interest in accessing the courts does not outweigh the compelling need to honor the attorney-client privilege). In this case, the need to protect the confidential nature of the

attorney-client relationship should take precedence over any interest the general public may have in accessing this information.

CPA, CIA and CSLC further identify and designate the following excerpts from Mr. Wheelahan's deposition transcript that should remain sealed as they either contain confidential communications disclosed in violation of Rule 1.6 of the rules of professional conduct or may require the disclosure of privileged communications in order to rebut any inaccurate testimony of Mr. Wheelahan: page 36, Lines 17-22; page 57, Lines 19-21; page 108, Lines 1-4 and 18-25; page 109, Lines 9-14; page 113, Lines 1-14 and 18-25; page 153, Lines 2-10 and 17-25; page 154, Lines 1-22; page 155; page 160, Lines 1-5 and 11-25; page 161; page 163, Lines 1-9; page 164, Lines 14-20; page 172, Lines 12-15; page 173, Lines 4-25;  page 225, Lines 9-25; page 229, Lines 2-25; page 230; page 231, Lines 1-3 and 14-22; and page 239, Lines 5-16.

This Court noted that CPA, CIA and CSLC's motion for reconsideration did not cite to any authority for the proposition that a lawyer may refuse to provide evidence simply because the evidence sought includes confidential but nonprivileged information the lawyer learned about a client.  While CPA, CIA and CSLC maintain that Mr. Wheelahan had no right under Rule 1.6 of the North Carolina Rules of Professional Conduct to disclose confidential information under the circumstances, respectfully, the issue currently before the Court is whether or not the identified information from Mr. Wheelahan's deposition should remain sealed.  It should.  Mr. Wheelahan violated his ethical obligations.  As set forth in CPA, CIA and CSLC's moving papers, the Comments to Rule 1.6 of the North Carolina Rules of Professional Conduct provide: "A fundamental principle in the client-lawyer relationship is that, in the absence of informed consent, *the lawyer must not reveal information*

*acquired during the representation.*" (emphasis added). This duty of confidentiality continues after the termination of the attorney-client relationship. *See* Comment 21 to the North Carolina Rules of Professional Conduct. Not only did Mr. Wheelahan not have the ability to disclose confidential information it learned about CPA, CIA and CSLC during the course of his service as general counsel, just as in cases involving the attorney-client privilege identified above, the need to protect the confidential nature of the attorney-client relationship should take precedence over any interest the general public may have in accessing this information.

      For all the foregoing reasons, those in CPA, CIA and CSLC's motion and as will be set forth in reply, CPA, CIA and CSLC respectfully request the Court reconsider the Order in the interest of justice and to avoid any undue and unnecessary prejudice to them by sealing those portions of ECF Nos. 180 and 180-1 as identified herein. CPA, CIA and CSLC shall provide a redacted copy of the transcript for the public record, if necessary.

                                      Respectfully submitted,

**CAPITALA PRIVATE ADVISORS, LLC, CAPITALA INVESTMENT ADVISORS, LLC and CAPITALA SPECIALTY LENDING CORPORATION**

By: /s/ Jonathan M. Shapiro
N. Kane Bennett (ct20988)
Jonathan M. Shapiro (ct24075) of
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, CT 06475
T: 860-724-2160
F: 860-724-2161
nkb@aetonlaw.com
jms@aetonlaw.com
Its Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that on this day, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    This 19th day of November, 2020.

    /s/ Jonathan M. Shapiro ct24075
    Jonathan M. Shapiro