UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOVAFUND ADVISORS, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>CAPITALA GROUP, LLC *et al.*,<br><br>    *Defendants.* | Civ. No. 3:18-cv-01023 (MPS)<br><br><br><br><br><br>May 25, 2021 |

**PARTIAL RULING ON PLAINTIFF'S MOTION TO COMPEL (ECF No. 281)**

In a letter brief submitted pursuant to Judge Shea's chambers practices, the plaintiff, NovaFund Advisors, LLC ("NovaFund"), has raised no fewer than twelve discrete discovery disputes. (Pl.'s Mot. to Compel, ECF No. 281.) This partial ruling addresses NovaFund's Issue No. 1, concerning perceived deficiencies in the defendants' privilege log. (Pl.'s Mot. to Compel, ECF No. 281. at 1-4; *see also* Ex. A to Pl.'s Mot. to Compel, ECF No. 281-2.) NovaFund contends that the defendants' log fails to support their privilege claims in eight principal respects. As discussed below, the Court agrees with NovaFund on some issues and with the defendants on others. NovaFund's Motion to Compel (ECF No. 281) is accordingly **GRANTED IN PART AND DENIED IN PART** with respect to Issue No. 1. The Court's order is set forth in more detail in Section IX below.

  **I.**   **The Defendants' Failure to Log the Type of Document Withheld, and to Provide a Complete, Separate Log Entry for E-Mail Attachments**

NovaFund first asserts that the defendants' privilege log fails to comply with D. Conn. L. Civ. R. 26(e) because it does not "identify the type of document" withheld, and because many entries "do not even identify the author or recipient." (Pl.'s Mot. to Compel, ECF No. 281, at 2.) At a discovery conference, the defendants argued that their log substantially complies with the rule

1

notwithstanding these omissions. Their counsel explained that, when a log entry omitted author and recipient information, it was because (a) the corresponding document was an attachment to an e-mail; (b) the parent e-mail had been logged on the preceding line; and (c) the basis for withholding the attachment under a claim of privilege could be discerned from the entry for the parent e-mail.

The Court agrees with NovaFund that, in failing to state the type of document and in failing to fully log e-mail attachments, the defendants' log failed to comply with the rules. To begin with, Local Rule 26(e) expressly requires that the log state, for each item, "[t]he type of document" withheld. D. Conn. L. Civ. R. 26(e)(1). And courts across the country have held that e-mail attachments must have a complete, separate log entry. "Because privilege is assessed separately for emails and attachments," *Idenix Pharms., Inc. v. Gilead Scis., Inc.*, 195 F. Supp. 3d 639, 644 n.5 (D. Del. 2016), "federal courts generally 'expect that attachments . . . need to be treated separately and logged as such.'" *In re Appl. of Chevron Corp.*, Misc. Action No. 10-371 (CKK) (DAR), 2013 WL 11241413, at *5 (D.D.C. Apr. 22, 2013) (quoting *Abu Dhabi Commercial Bank v. Morgan Stanley & Co., Inc.*, No. 08-7508, 2011 WL 3738979, at *4 (S.D.N.Y. Aug. 18, 2011)); *accord C.T. v. Liberal Sch. Dist.*, Nos. 06-2093-JWL, 06-2360-JWL, 06-2359-JWL, 2008 WL 217203, at *9 (D. Kan. Jan. 25, 2008). The defendants have not complied with this expectation, and the Court will direct them to do so as set forth more fully in Section IX.

## II. The Sufficiency of the Defendants' "Privilege Description" Entries

NovaFund next asserts that, in many instances where the defendants provided an otherwise complete entry, the "'Privilege Description' column is too vague to allow a reader to determine the basis of privilege." (Pl.'s Mot. to Compel, ECF No. 281, at 2.) For example, when the defendants described a withheld e-mail as an "[i]nternal communication reflecting legal advice

regarding legal issues relating to Fund V" (Ex. A to Pl.'s Mot. to Compel, ECF No. 281-2, at 1), NovaFund says that "there is simply no way . . . to determine whether [the] document has been properly withheld." (Pl.'s Mot. to Compel, ECF No. 281, at 2.)

When a party withholds otherwise-discoverable documents under a claim of privilege, it must "describe the nature of the documents . . . in a manner that . . . will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A); *see also U.S. v. Constr. Prods. Research, Inc.*, 73 F. 3d 464, 473 (2d Cir. 1996) ("The privilege log should . . . . identify each document and the individuals who were the parties to the communication, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure.") (quoting *Bowne v. N.Y.C., Inc.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993)). At the same time, the description need not be so detailed as to "reveal[] information itself privileged or protected." Fed. R. Civ. P. 26(b)(5)(A). In requiring only a "general" statement of the subject matter of the withheld documents, Local Rule 26(e) strikes a balance between requiring enough information to permit an assessment of the privilege claim, while not requiring so much information as to reveal the privileged communication.

Courts have generally sustained privilege log entries stated at the level of detail that the defendants have used here. In *S.E.C. v. Beacon Hill Asset Management LLC*, for example, the court sustained privilege claims supported by log entries stating that the withheld documents were "correspondence or e-mails seeking, transmitting or reflecting legal advice," because under the circumstances of the case, "[t]o require [the party] to disclose additional information would come perilously close to requiring disclosure of the substance of the privileged communication." 231 F.R.D. 134, 144-45 (S.D.N.Y. 2004); *see also Mitre Sports Int'l Ltd. v. Home Box Office, Inc.*, No. 08-Civ.-9117 (GBD)(HBP), 2010 WL 11594991, at *16 (S.D.N.Y. Oct. 14, 2010) (special master

decision observing that "identifying e-mails in a privilege log as 'seeking, transmitting or reflecting legal advice' . . . provides a sufficient description to sustain an assertion of privilege"). Similarly, in the leading case of *In re Sulfuric Acid Antitrust Litigation*, the court regarded as "adequate[]" log entries that described the withheld documents as "relating to legal advice regarding customer transactions and reflecting communications or conversations between attorney and client," without requiring further detail. 235 F.R.D. 407, 433 (N.D. Ill. 2006).

NovaFund cites three cases in support of its argument, but each of the three involved privilege logs that were meaningfully different from the one at issue in this case. In *Bolorin v. Borrino*, 248 F.R.D. 93 (D. Conn. 2008), for example, a party claimed privilege with respect to its communications with a non-party bank, but its log provided no information on "whether these were confidential communications between an attorney and a client made in confidence for the purpose of providing legal advice." *Id.* 248 F.R.D. at 95. (*See also* Rev. Priv. Log, *Bolorin v. Borrino*, No. 3:06-cv-01295 (AWT) (DFM), ECF No. 32-3 (defendants' privilege log, entirely failing even to claim that any of the withheld communications were legal in nature, and claiming privilege even as to communications with opposing counsel).) In *Jansson v. Stamford Health, Inc.*, 312 F. Supp. 3d 289, 298-99 (D. Conn. 2018), the defendant's log described several withheld documents with "conclusory or ipse dixit assertion[s] of privilege" like "Communications regarding Jansson" and "Communications re: Jannson contract" – entries that, like the entries in *Bolorin*, did not even claim that the communications were made for the purpose of seeking or providing legal advice. And in *Wanzer v. Town of Plainville*, Civ. No. 3:15-cv-00016 (AWT) (SALM), 2016 WL 1258456, at *3 (D. Conn. Mar. 30, 2016), the defendants' log contained no "indication that [the withheld] documents contain legal advice or requests therefor."

Except for the failure to separately log their e-mail attachments and to list the document type (*see* discussion, Section I *supra*), the defendants' descriptions of the withheld documents generally comport with their obligations under the rules. Each entry states the date of the document, identifies its author, and identifies any recipients. (*See generally* Ex. A to Pl.'s Mot. to Compel, ECF No. 281-2.) And the "Privilege Description" field states the "general subject matter of the document" at a level of detail that, while not the finest possible, nevertheless should allow NovaFund to assess the privilege claim. (*See, e.g., id.* at 1 (describing, for example, document no. CG00010134 as an "[i]nternal communication regarding legal issues related to Fund V").) Under the circumstances of this case, to require more detail "would come perilously close to requiring disclosure of the substance of the privileged communication." *S.E.C.*, 231 F.R.D. at 145. The Court declines to grant NovaFund any relief with respect to this issue.

**III.    Documents Withheld Due to the Involvement of Richard Wheelahan**

NovaFund next argues that the defendants may be wrongfully "withholding many communications as privileged due to the inclusion of Richard Wheelahan, who previously served as General Counsel to a couple of the Capitala entities." (Pl.'s Mot. to Compel, ECF No. 281, at 2.) It explains that Mr. Wheelahan "had extensive business responsibilities for various Capitala entities," in addition to whatever legal duties he may have had as general counsel. (*Id.*) It suspects that many of the documents on the defendants' log are purely non-legal business communications that are being withheld simply because Mr. Wheelahan was copied on them. (*Id.*) NovaFund notes that "when in-house lawyers provide both business and legal advice, the [attorney-client]

privilege shields only the latter"[1] (*id.*), and it asks the Court to order either the production of the documents or the submission of a sample for *in camera* review. (*Id.* at 4.)

The defendants respond by observing that under North Carolina law, "[w]hen communications contain intertwined business and legal advice, courts consider whether the 'primary purpose' of the communication was to seek or provide legal advice." (Defs.' Suppl. Ltr. Br., ECF No. 284-1, at 2.) They state that "[a] large portion" of the withheld documents "concern[ed] the drafting of legal documents associated with the credit fund at issue in this case." (*Id.*) They go on to say that "Mr. Wheelahan served as general counsel and provided ongoing legal advice concerning those issues, among others." (*Id.*) And in response to NovaFund's suggestion that their privilege reviewers may have indiscriminately withheld all communications upon which Mr. Wheelahan was copied, without considering whether those communications were legal in nature, the defendants protest that they "produced thousands of documents to which Mr. Wheelahan was a party." (*Id.*)

---

[1]    NovaFund cites Connecticut cases for this proposition and others (Pl.'s Mot. to Compel, ECF No. 281, at 2), but the defendants correctly note that "North Carolina law applies to [their] privilege claim." (Defs.' Suppl. Ltr. Br., ECF No. 284-1, at 2.) "Where, as here, a federal court's subject-matter jurisdiction is premised on diversity of citizenship, the court must apply state law to privilege issues." *Safeco Ins. Co. of Am. v. Vecsey*, 259 F.R.D. 23, 27-28 (D. Conn. 2009) (footnote, citation and quotation marks omitted). To determine which state's privilege law applies, the Court employs Connecticut choice of law principles. *In re Coudert Bros., LLP*, 673 F.3d 180, 186 (2d Cir. 2012) ("It is well established that a federal court sitting in diversity must generally apply the choice of law rules of the state in which it sits."). Those principles first consider "whether there is an outcome determinative conflict between the applicable laws of the states with a potential interest in the case," and if there is not, "there is no need to perform a choice of law analysis, and the law common to the jurisdictions should be applied." *Lumbermens Mut. Cas. Co. v. Dillon Co., Inc.*, 9 F. App'x 81, 83 (2d Cir. 2001) (summary order). If there is a conflict, however, "the Court applies the law of the state with the most significant relationship to the disputed communications and the parties to those communications" – here, North Carolina. *Parimal v. Manitex Int'l, Inc.*, No. 3:19-cv-01910 (MPS) (SALM), 2021 WL 363844, at *7 (D. Conn. Feb. 3, 2021).

Having reviewed the parties' submissions, the Court concludes that NovaFund has provided the Court with sufficient reasons to order an *in camera* review of a sample of Mr. Wheelahan's communications. NovaFund points to an e-mail chain dated March 15, 2017, of which there are evidently three copies; the defendants claimed privilege as to two of them but produced the third (Pl.'s Mot. to Compel, ECF No. 281, at 3), and there is no discernable legal advice being requested or given in the version that has been produced. (Ex. B to Pl.'s Mot. to Compel, ECF No. 281-3.) The Court will therefore direct the parties to identify twenty of Mr. Wheelahan's communications to be submitted for *in camera* review, with ten to be chosen by NovaFund and ten to be chosen by the defendants as discussed in Section IX.

### IV.     Communications with Third Parties

NovaFund's fourth claim is an assertion that the defendants "have fully withheld communications with third-parties on the basis of privilege without providing any purported basis." (Pl.'s Mot. to Compel, ECF No. 281, at 3.) They cite document no. CG00014810 as an example. (*Id.*) Although described as an "[i]nternal communication regarding legal issues related to Fund V," the remainder of the log entry reveals that document no. CG00014810 was an e-mail between the defendants' Casey Swercheck and Eugene Park of FIRSTAvenue Partners LLP, a New York capital placement firm. The defendants do not claim that Mr. Park or FIRSTAvenue are within the circle of persons to whom their privileged communications can be disclosed without effectuating a waiver, nor do they otherwise attempt to defend their privilege claim in any way. (*See generally* Defs.' Mot. to Compel, ECF No. 284; Defs.' Suppl. Ltr. Br., ECF No. 284-1.)

In North Carolina as elsewhere, the attorney-client privilege protects confidential communications between a client and an attorney. *State v. Fair*, 354 N.C. 131, 168 (2001) ("[T]hese communications were protected by the attorney-client privilege, which protects

confidential communications made by a client to his attorney."). The North Carolina appellate courts evidently have yet to define the precise contours of the so-called *Kovel* principle, under which communications between a client and a third party can sometimes be protected by the privilege. *Global Textile Alliance, Inc. v. TDI Worldwide, LLC*, 375 N.C. 72, 78 (2020) (declining to recognize the rule of *U.S. v. Kovel*, 296 F.2d 918, 921-22 (2d Cir. 1961), as a feature of North Carolina law because recognition would not affect the result of the privilege claim in the case). But they have observed that even if the principle applies in their state, it requires that the communications be "necessary, or at least highly useful, for the effective consultation between the client and the lawyer which the privilege is designed to permit." *Id.* (quoting *Kovel*, 296 F.2d at 922). In this case, document no. CG00014810 is not a communication between an attorney and a client, nor have the defendants shown it to be within the narrow class of client-to-third-party communications that could even potentially be protected by the privilege. The Court will therefore direct the defendants to produce the document.[2]

**V.      Redacted Documents**

NovaFund next claims that the defendants "have produced many documents that are entirely or extensively redacted and for which [their privilege log] does not assist in understanding the redaction." (Pl.'s Mot. to Compel, ECF No. 281, at 3.) It provides several examples in Exhibit E to its motion. (Ex. E. to Pl.'s Mot. to Compel, ECF No. 281-6.) Yet each of the documents in Exhibit E is supported by a privilege log entry that contains the information required by D. Conn.

---

[2] NovaFund cited document no. CG00014810 only as an example. Presumably it believes that this issue implicates other documents as well, but it has not provided the Court with any other Bates numbers. If NovaFund believes that the issue implicates documents other than CG00014810, it is directed to identify those documents to the defendants' counsel by May 28, 2021. The parties shall meet and confer over any disagreements before submitting any additional motions to the Court.

L. Civ. R. 26(e). The Court declines to grant NovaFund any relief with respect to this issue on the current record.

### VI. Documents "That Do Not Include Any Individuals With Any Legal Responsibilities"

NovaFund next contends that the defendants "have fully withheld or partially redacted many internal communications that do not include any individuals with any legal responsibilities." (Pl.'s Mot. to Compel, ECF No. 281, at 4.) It cites several log entries of e-mails between the defendants' non-lawyer employees, in which the "Privilege Description" describes the e-mails as "[i]nternal communication reflecting legal advice regarding legal issues relating to" "Fund V," "Capitala contracts," and other topics. (*Id.*; *see also* Ex. A to Pl.'s Mot. to Compel, ECF No. 281-2, at 1.) It claims that these entries are insufficient "to allow NovaFund to determine the basis or validity of the privilege assertion." (Pl.'s Mot. to Compel, ECF No. 281, at 4.)

The defendants respond that communications between non-attorney employees of a corporation can sometimes be encompassed by the privilege if they "reflect legal advice of an attorney." (Defs.' Suppl. Br., ECF No. 284, at 2 (citing *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 110 F.R.D. 511, 514 (M.D.N.C. 1986).) And courts in North Carolina have indeed held that a "document need not be authored or addressed to an attorney in order to be properly withheld on attorney-client privilege grounds," because in the corporate context, "documents subject to the privilege may be transmitted between non-attorneys to relay information requested by attorneys" or for the purpose of ensuring "that the corporation may be properly informed of legal advice and act appropriately." *Santrade, Ltd. v. Gen. Elec. Co.*, 150 F.R.D. 539, 545 (E.D.N.C. 1993); *see also Veolia Water Solutions & Techs. Support v. Siemens Indus., Inc.*, 63 F. Supp. 3d 558, 567 (E.D.N.C. 2014).

9

Yet these same courts have generally stated that the involved non-lawyer employees must have a "need to know" the privileged information in order for it to remain protected. *Veola Water Solutions & Techs. Support,* 63 F. Supp. 3d. at 567; *see also Rohlik v. I-Flow Corp.*, No. 7:10-CV-173-FL, 2012 WL 1596732, at *3 (E.D.N.C. May 7, 2012) ("The communications retain their privileged status if the information is relayed from a non-lawyer employee or officer to other employees or officers of the corporation on a need to know basis."). The defendants' log entries do not demonstrate that the involved non-lawyers were persons with a "need to know" the legal advice being discussed, and accordingly the Court will direct them to submit a sample for *in camera* review following the procedure set forth in Section IX.

### VII. E-mails For Which the "Subject" Line Is Listed As "Redacted"

In its seventh claim, NovaFund notes that in several instances, the defendants redacted the "Email Subject" from their privilege log. (Pl.'s Mot. to Compel, ECF No. 281, at 4; *see also* Ex. A to Pl.'s Mot. to Compel, ECF No. 281-2, at 14 (entry for doc. No. CG00024188).) NovaFund contends that, when these redactions are coupled with the alleged deficiencies in the "Privilege Description" field, the defendants have failed to sustain their privilege claims and should be directed to produce the corresponding documents. (Pl.'s Mot. to Compel, ECF No. 281, at 4.)

Although litigants often agree to log "Email Subject" lines during their Rule 26(f) conference, neither Federal Rule 26(b)(5) nor Local Rule 26(e) requires them to do so. And this omission makes sense, because if the attorney or client places the legal advice or request for legal advice in the subject line of the e-mail, a rule requiring the party to log that line would of course result in disclosure of the privileged communication. *Cf. Sessions v. Sloane*, 248 N.C. 370, 386 (2016) (observing that e-mail subject lines can be privileged if they meet "the same . . . test" applicable to any other "communication allegedly protected under the attorney-client privilege").

In this case, the Court has reviewed each of the log entries in which the defendants redacted the "Email Subject" line, and it concludes that each entry contains enough other information (*e.g.*, the date, sender, recipient, and a statement of the "general subject matter of the document" in the "Privilege Description" field) to allow NovaFund to assess the defendants' privilege claims. The Court declines to grant NovaFund any relief with respect to this issue.

### VIII. Documents For Which the Log Description Allegedly Does Not Match the Produced Document

Finally, NovaFund asserts that the defendants' log "includes examples of descriptions that do not seem to match the produced document." (Pl.'s Mot. to Compel, ECF No. 281, at 4.) It cites document no. CAP-0033598, in which the defendants apparently redacted only a single word, but nevertheless logged the redaction as an "[i]nternal communication reflecting legal advice regarding Capitala contracts or other documents." (*Id.; see also* Ex. A. to Pl.'s Mot. to Compel, ECF No. 281-2, at 23.) The Court shares NovaFund's puzzlement about how a single-word e-mail could constitute an "[i]nternal communication reflecting legal advice" regarding multiple contracts, and accordingly it will direct the defendants to submit it for *in camera* review.

### IX. Conclusion and Order

For the foregoing reasons, the Court enters the following orders:

1. The defendants shall, by June 8, 2021, revise their privilege log (a) to state the type of document or electronically stored information being withheld, and (b) to provide, for each withheld e-mail attachment, all of the information required by D. Conn. L. Civ. R. 26(e).

2. NovaFund shall, by May 28, 2021, identify to the defendants by Bates number (a) no more than ten documents involving Attorney Wheelahan, and (b) no more than ten communications between non-lawyers, to be submitted to the Court for *in camera* review. The defendants shall, by 5:00 p.m. EDT on June 3, 2021, submit for *in camera* review the twenty documents identified by the defendants, along with (c) ten documents of the defendants' own choosing involving Mr. Wheelahan, (d) ten non-lawyer communications of the defendant's own choosing, and (e) the document Bates-numbered CAP-0033598. The defendants' counsel shall contact Judge Farrish's law clerk at 860-240-3605 to arrange the submission.

3. The defendants shall, by June 8, 2021, produce the document Bates-numbered CG00014810 to NovaFund.

4. NovaFund's other claims for relief with respect to Issue One are denied on the current record.

In ordering the defendants to revise their log yet again – rather than simply ordering production of the insufficiently-logged documents – the Court acknowledges that it is giving them a third chance to adequately support their privilege claims. The undersigned previously ordered the defendants to serve, by March 26, 2021, a revised log that included all of the information required by Local Rule 26(e), and that order made no exception for e-mail attachments. (ECF No. 256.) But since attorney-client privileges "serve important values," "courts are not quick to find that they have been waived." *Imperati v. Semple*, No. 3:18-cv-2147 (RNC) (TOF), 2020 WL 4013304, at *5 (D. Conn. July 16, 2020). The Court concludes that ordering production would be too harsh a sanction for the defendants' non-compliance. *Certain Underwriters at Lloyd's, London v. Nat'l Passenger R.R. Corp.*, No. 1:14-cv-04717-FB-RLM, 2017 WL 9487190, at *9 (E.D.N.Y. Jan. 20, 2017) ("It could be said that Amtrak, having had two bites at the privilege apple, does not deserve a third, and that therefore the underlying documents should be produced. However this clearly is a harsh result."). The Court is, however, exceptionally unlikely to grant the defendants a fourth chance.

This is not a Recommended Ruling. This Ruling is reviewable pursuant to the "clearly erroneous" statutory standard of review. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the District Judge in response to a timely objection under Local Rule 72.2(a).

>        */s/ Thomas O. Farrish*
>            Hon. Thomas O. Farrish
>            United States Magistrate Judge