# EXHIBIT 81

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

NO.: 3:18-cv-1023 (MPS)

NOVAFUND ADVISORS, LLC,

        Plaintiff,

vs.

CAPITALA GROUP, LLC,

        Defendant.

_____/

ZOOM DEPOSITION OF NAYEF PERRY/HAMILTON LANE, INC.

TAKEN ON BEHALF OF THE PLAINTIFF

Via Remote Zoom

October 26, 2020

11:00 a.m. to 6:30 p.m.

REPORTED BY

MARLA SCHREIBER, COURT REPORTER

NOTARY PUBLIC, STATE OF FLORIDA

1  you.
2           Did Hamilton Lane regularly refer to Fund V
3  as Fund V?
4      A    We have.
5      Q    When was the first close of Fund V?
6      A    If memory serves me, I believe we did the
7  transaction in late 2016, and so the first close to my
8  recollection would have been in connection with
9  Hamilton Lane and Kemper's commitments to Fund V.
10     Q    Okay.  And do you know any more precisely
11 when that may have been?
12     A    I do not but, again, if memory serves me, I
13 would, if I recollect correctly, I think it was around
14 the September, October timeframe of 2016.
15
16
17
18
19
20
21
22
23
24
25



Page 28

[lines 1–9 redacted]

10  Q   You mentioned the general partner for Fund
11  V.  Could you identify who the general partner for Fund
12  V was?
13  A   Still is Capitala.
14  Q   More specifically, do you know which
15  Capitala entity is the general partner?
16  A   I do not.
17  Q   Did the distinction between Capitala
18  entities matter to Hamilton Lane for any reason?
19          MR. WASIL:  Object to the form.
20          THE WITNESS:  In my estimation it would
21      have mattered from a nuance legal perspective
22      potentially.  I wasn't involved as closely in
23      terms of our documentation review of Fund V and
24      the execution of that LP commitment.
25  BY MR. CORP:

1     Q    For your purposes when reviewing the
2     investment opportunity or presenting it internally,
3     did -- which Capitala entity was the general partner
4     for Fund V specifically matter?
5          A    In terms of our investment committee
6     process, our analysis, our -- just preparing what we
7     call our investment memo for that investment committee
8     decision, it would not have mattered.  We were more
9     focused on the broader transaction, strengths,
10    weaknesses in the return profile.
11         Q    Are you familiar with the term gatekeeper
12    in a fund raising context?
13         A    It sounds like a colloquial expression.  I
14    don't know it to be kind of a widely used term in the
15    industry but I may be mistaken.
16         Q    Okay.  That's a perfectly fine answer.
17              For the funds and accounts that we went
18    through previously that committed funds to Fund V, does
19    Hamilton Lane act as a consultant for those entities?
20         A    I believe we have discretion over most, if
21    not all of the accounts that went into that
22    transaction.
23         Q    From the Hamilton Lane side, which entity
24    would have signed the LP agreement related to Fund V?
25         A    I believe we would have executed so we



Page 74

1  ████████████████████████████████████████
2  ████████████████████████████████████████
3  ████████████████████████████████████████
4         Q    Does Hamilton Lane have a firm
5    understanding of Capitala's -- nevermind.  Strike that.
6              Did Hamilton Lane always know which
7    Capitala entity was being referenced by Mr. Alala?
8              MR. WASIL:  Objection.  Beyond the scope.
9         You can go ahead.
10             THE WITNESS:  Sorry.  When you -- can you
11        just clarify when you say being referenced by
12        Mr. Alala, what do you mean?
13   BY MR. CORP:
14        Q    Yes.  I will withdraw it.  It's not
15   necessary for now.  I am going to move to the next
16   exhibit, which is PX38, I believe.  And it's in your
17   materials it's tab 15.
18             MR. CORP:  And Chris, we are done with that
19        if you want to put it away.
20             MR. WASIL:  Thank you.
21             THE WITNESS:  Got it.
22          (Whereupon, the above referred-to document
23            was marked as Plaintiff's Exhibit 38.)
24   BY MR. CORP:
25        Q    For the sake of the record, the top email

Page 208

1        REPORTER'S CERTIFICATE

2    STATE OF FLORIDA)

3    COUNTY OF MIAMI-DADE )

4        I, Marla Schreiber, Shorthand Reporter, certify

5    that I was authorized to and did stenographically

6    report the foregoing proceedings; and that the

7    transcript is a true record.

8        I further certify that I am not a relative,

9    employee, or counsel of any of the parties, nor am I

10   a relative or employee of any of the parties'

11   attorney or counsel connected with the action, nor

12   am I financially interested in the action.

13       Dated this 5th day of November, 2020.

17   MARLA SCHREIBER, SHORTHAND REPORTER

18   NOTARY PUBLIC, Commission # DD 723489

19   MY COMMISSION EXPIRES:

20   October 14, 2023