UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NOVAFUND ADVISORS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>CAPITALA GROUP, LLC, CAPITALA PRIVATE ADVISORS, LLC; CAPITALA INVESTMENT ADVISORS, LLC; AND CAPITALA SPECIALTY LENDING CORPORATION,<br><br>    Defendant. | CASE NO. 3:18-CV-1023 (MPS)<br><br><br><br><br><br><br><br><br>October 18, 2021 |

**NON-PARTY SANDLER, O'NEILL & PARTNERS, L.P.'S
RESPONSE IN SUPPORT OF MOTION TO SEAL**

Plaintiff NovaFund Advisors, LLC ("NovaFund") has filed a brief in opposition to Defendants' summary judgment motion, along with numerous exhibits. Certain of those exhibits were designated as Confidential and/or Attorneys' Eyes Only under the Protective Order in this action. NovaFund accordingly moved (ECF ##351, 357) to keep those materials under seal in order to give non-party Sandler, O'Neill & Partners, L.P. ("Sandler")[1] and others an opportunity to explain to this Court why the materials should be sealed.

As it did previously in connection with NovaFund's second PJR application (ECF ##232, 342), Sandler has reviewed the exhibits at issue and continues to believe that only small portions of a limited subset of them should be redacted. Specifically, certain of the exhibits contain references to entities on Sandler's "initial target list" of prospective investors for Fund V. As the Court may recall, Sandler chose those entities because of its relationships with them based on prior,

---

[1] On January 3, 2020, Sandler merged with Piper Jaffray & Co., with the resulting entity renamed Piper Sandler & Co.

non-public deals. The identities of those entities is proprietary, and if the names of those entities with whom Sandler does private business are disclosed, the disclosure could irreparably harm Sandler's business interests by exposing to competitors key aspects of its deal-making strategy and partnership targets. *See, e.g., Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016) (sealing client list that "contain[ed] sensitive and proprietary information that is not generally publicly available and that, if revealed, could cause significant competitive harm"); *ECFG, Inc. v. AEC Advisors, LLC*, 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (sealing "list of individual client representatives").

Sandler therefore asks the Court to once again order (ECF #342) NovaFund to redact the names of the entities on its initial target list from the affected documents. Otherwise, Sandler is not opposed to the remaining materials being unsealed. Anticipating and opposing this limited and narrowly drawn request, NovaFund obliquely refers to the Connecticut Superior Court's recent refusal to seal the courtroom for purposes of trial (ECF #357 at 2). But that involved different circumstances, *as NovaFund itself represented to that court in distinguishing this Court's prior ruling*: "The [prior] federal court endorsement order . . . is in no way binding on [the Connecticut Superior Court] and in any event has no applicability to the restriction on evidence to be presented *in open court at a trial*. That [prior federal court] order concerns only the state of exhibits offered in support of an unsuccessful motion for prejudgment remedy." NovaFund Objection, Dkt. #208.00 at 3-4, *NovaFund Advisors, LLC v. Sandler, O'Neill & Partners, L.P.*, No. X03-HHD-CV20-6138062-S (Conn. Super. Ct. Sep. 10, 2021) (emphasis added).

It is well-established that "confidential 'commercial information' of a business—including trade secrets, confidential research, internal business documents and information about a business's operations—has been recognized repeatedly as a proper subject for sealing." *CSL*

*Silicones, Inc. v. Midsun Grp., Inc.*, 2017 WL 4750701, at *3 (D. Conn. July 12, 2017). In particular, courts in this Circuit have also routinely granted motions to redact the names on client lists like Sandler's initial target list. *See, e.g., Awestruck,* 2016 WL 8814349, at *2; *ECFG*, 2020 WL 7121855, at *1; *Bower v. Acorn Advisors Grp. Holdings, LLC*, 2018 WL 4830092 at *2 (S.D.N.Y. Oct. 4, 2018) (court granted motion "to seal the names of its client that were identified by name" in filings).  Where, as here, the party seeking to protect its privacy interests is a non-party, its interests "should weigh heavily in a court's balancing equation" when considering whether to unseal materials. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

Sandler's request for sealing is narrowly tailored: it does not ask for full documents to be kept under seal; only that a handful of names that were included on its proprietary client list be redacted in a few documents. Courts are especially willing to allow targeted redactions like those requested by Sandler, when those redactions are "limited to specific business information . . . which, if revealed, may provide valuable insights into a company's business practices that a competitor would seek to exploit." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015); *see also ECFG*, 2020 WL 7121855, at *1 (granting motion to seal names on client list "because the proposed redactions are narrowly tailored to protect . . . confidentiality"); *SEC v. Ahmed*, 2017 WL 5515907, at *1 n.1 (D. Conn. Sept. 19, 2017) (parties should propose "redactions of confidential business information" rather than "request that the document be sealed in its entirety").

For these reasons, Sandler asks the Court to once again order NovaFund to redact and to maintain under seal the names of entities on Sandler's initial target list.  Based on representations from NovaFund's counsel, Sandler understands the documents at issue include Exhibits 10, 11, 17, 37, and 38.

By: */s/ Kevin M. Smith*
Kevin M. Smith (ct24774)
WIGGIN AND DANA LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
Tel: (203) 498-4400
ksmith@wiggin.com

28735\1\4817-9122-0989.v1